Filed 6/11/21  P. v. Gonzalez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER GONZALEZ,<br><br>    Defendant and Appellant. | D078126<br><br><br><br>(Super. Ct. No. INF1402485) |

APPEAL from a judgment of the Superior Court of Riverside County, Dale R. Wells, Judge, and Randall D. White, retired judge of Riverside Superior Court (assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Sentence vacated and the case remanded for resentencing with directions.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher Gonzalez was convicted by a jury of vehicle theft (Veh. Code, § 10851, subd. (a)), evading police (Veh. Code, § 2800.2), and street terrorism (Pen. Code,[1] § 186.22, subd. (a)). The trial court found true two serious felony prior convictions (§ 667, subd. (a)(1)), two strike priors (§ 667, subds. (b)-(i)), and one prison prior (§ 667.5, subd. (b)). Gonzalez was sentenced to a term of 25 years-to-life plus a 15-year determinate term.

Gonzalez appealed, and this court affirmed the convictions but reversed the true finding on one of the strike priors. This court vacated the sentence and remanded to permit a retrial on the strike prior, to permit Gonzalez to move to strike the serious felony priors, and to resentence Gonzalez accordingly. (*People v. Gonzalez* (June 10, 2019, D075363) [nonpub. opn.].)

On remand, the trial court retried the strike prior and found it true. Thereafter the court did not formally resentence Gonzalez, although the court amended the abstract of judgment and recalculated custody credits.

Gonzalez again appealed.

Gonzalez contends, and the Attorney General agrees, that the court erred in failing to formally resentence; that the custody credits were improperly calculated; that the abstract of judgment should be amended and that he is entitled to the retroactive application of Senate Bill No. 136 to invalidate the one-year prison prior. After reviewing the record, we agree with the parties. The case must again be remanded for proper sentencing.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

## DISCUSSION

The trial court's failure to actually resentence Gonzalez was error and resulted in an unauthorized sentence. (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1327.) On remand, the trial court must address the striking of the prison prior, the recalculation of custody credits, and it must impose a sentence in the case. The abstract of judgment must be amended to reflect the newly imposed sentence.

Gonzalez contends he is entitled to the retroactive application of Senate Bill No. 136, which invalidated the one-year enhancements for prison priors such as is applicable in this case. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308.) The Attorney General properly concedes the new legislation must apply in this case. On remand the trial court is directed to strike the one-year term under section 667.5, subdivision (b) and to modify the sentence accordingly.

## DISPOSITION

The sentence is vacated, and the case is remanded to the Superior Court with directions to resentence Gonzalez consistent with the views expressed in this opinion. The court shall amend the abstract of judgment as

appropriate and forward an amended abstract to the Department of Corrections and Rehabilitation.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


GUERRERO, J.